IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRENCE HAZEL | § | |
| v. | § | CIVIL ACTION NO. 9:08cv216 |
| OLIVER BELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The Plaintiff Terrence Hazel filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hazel's lawsuit complains of understaffing in TDCJ prison facilities, a failure to protect him from assault on December 15, 2008, the computation of his time credits, subjection to racism, and deliberate indifference to his serious medical needs. On April 6, 2009, Hazel filed a motion for a temporary restraining order or preliminary injunction. This motion complained that: (1) the north gym at the Eastham Unit is going to be converted into a chapel, in violation of separation of church and state and to the detriment of inmates' recreational opportunities; (2) the law library does not receive supplements or updates; and (3) he believes that the drinking water at the Eastham Unit is contaminated, noting that a number of other inmates have been diagnosed as suffering from a disorder called H.pylori.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the requested injunctive relief be denied. The Magistrate Judge noted first that parties seeking preliminary injunctive relief must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint, which Hazel failed to do. Second, the Magistrate Judge

1

stated that Hazel failed to allege, much less show, that he had exhausted his administrative remedies with regard to the issues in his request for injunctive relief and that Hazel could not short-circuit the administrative remedies of TDCJ by the simple expedient of bringing claims in a request for injunctive relief. Finally, the Magistrate Judge stated that Hazel had not met the prerequisites for injunctive relief as set out by the Fifth Circuit in that he did not show a substantial likelihood that he would prevail on the merits of his claims or that his requested injunctive relief would not disserve the public interest by causing the federal district court to become enmeshed in the minutiae of prison operations.

In his objections, Hazel first contends that the Magistrate Judge should not have heard his motion for injunctive relief under 28 U.S.C. §636(b). However, this section allows Magistrate Judges to issue Reports recommending disposition of motions for injunctive relief, which is what was done here.

Hazel says that the claims raised in the request for injunctive relief all relate to his claims regarding inadequate staffing and its "residual effects on the delivery of basic human needs and meaningful access to courts." He argues at great length that his claims are related to those in his original complaint, that failure to follow the stipulations of the Ruiz v. Estelle case would be a disservice to the public, the Magistrate Judge erred in invoking federalism in that no laws of any state can supersede the Constitution, inmates need not wait until they are injured to seek relief, his grievances concerning cell size, inadequate dayroom seating, lack of proper books in the law library, and lack of recreation are sufficient to exhaust the claims raised in the motion for injunctive relief, and he is not seeking interference by the federal courts in the daily operation of the prison but merely an order securing the constitutional rights of the prisoners. Hazel's objections are without merit.

On April 21, 2009, Hazel filed a second motion for injunctive relief. In this motion, he says that he has "learned that there are news circulating" [sic] that TDCJ, the Correctional Institutions Division, or the Eastham Unit paid bribes to the American Correctional Association to obtain ACA certification. He also says that he has newspaper articles from the Austin American-Statesman

quoting two Texas politicians, John Whitmire and Jerry Maden, about the emergency state of affairs in the Texas prisons, including statements to the effect that inmates are being denied parole to be used to supplement or in place of guards, as well as a statement that "there is a likelihood of possible riots and mass escapes" and that Eastham is "one of the units in the worst shape." Hazel asks for injunctive relief of an unspecified nature, and also requests that the Court "seek to verify these facts and if true take appropriate action to dispose of any claims that are proven true without the need for trial." He says that "plaintiff believes that the court can dispose of the need for trial on the staffing issue along with possibly several others acting on its own initiative in this regard."

Hazel's second motion plainly fails to set forth any basis for injunctive relief. It is apparent that the rumors of bribery to which Hazel refers are plainly insufficient to support any kind of injunctive relief. The only "relief" which Hazel requests is that the Court perform an independent investigation, verify the truth of his allegations, and rule in his favor without a trial, which relief plainly cannot be granted regardless of the label placed upon it. Hazel's second request for injunctive relief is likewise without merit, and it is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 61) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motions for a preliminary injunction or temporary restraining order (docket no. 58) and for a restraining order (docket no. 72) are hereby DENIED.

So **ORDERED** and **SIGNED** this **15** day of **July, 2009.**

_____
Ron Clark, United States District Judge